Liu v. Garland

BIA
Palmer, IJ
A202 042 423

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of June, two thousand twenty-four.

PRESENT:
　　　　JOHN M. WALKER, JR.,
　　　　MICHAEL H. PARK,
　　　　EUNICE C. LEE,
　　　　　　*Circuit Judges.*
_____

ZHIGANG LIU,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　22-6083
　　　　　　　　　　　　　　　　　　　　NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　　Zhen Liang Li, Esq., New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Madeline Henley, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhigang Liu, a native and citizen of the People's Republic of China, seeks review of a January 24, 2022, decision of the BIA affirming a November 6, 2018, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture.[1]  *In re Zhigang Liu*, No. A 202 042 423 (B.I.A. Jan. 24, 2022), *aff'g* No. A 202 042 423 (Immigr. Ct. N.Y. City Nov. 6, 2018).  We assume the parties' familiarity with the underlying facts and procedural history.

Liu has failed to exhaust his claims for asylum and withholding of removal. The IJ found that Liu suffered past persecution when he was detained and assaulted by family planning officials in 2007.  Liu was thus entitled to a

---

[1] Liu does not challenge the BIA's determination that he waived his claim for protection under the Convention Against Torture.

presumption of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1) (asylum), 1208.16(b)(1)(i) (withholding). That presumption, however, may be rebutted by a "fundamental change in circumstances," and here, the IJ concluded that such a change occurred when China ended its one-child policy in 2016. *Id.* §§ 1208.13(b)(1)(i)(A), 1208.16(b)(1)(i)(A). The IJ also declined to grant humanitarian asylum, finding that Liu had not established severe past harm or that he would "suffer other serious harm" in China. *Id.* § 1208.13(b)(1)(iii).

On appeal to the BIA, Liu argued only that the IJ erred in denying him humanitarian asylum. The BIA affirmed the IJ's denial of humanitarian asylum, and concluded that Liu had waived review of the fundamental-change finding that was dispositive of asylum and withholding of removal. Liu now challenges only the IJ's fundamental-change finding.

We do not reach this issue because Liu did not exhaust it before the BIA. Exhaustion of issues before the BIA is mandatory, where, as here, the Government has raised the failure to exhaust. *See Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (explaining that issue exhaustion is a mandatory claim-processing rule "that a court must enforce . . . if a party properly raises it" (quotation marks omitted)).

3

The only claim that Liu exhausted before the BIA was his request for humanitarian asylum, which he has abandoned by failing to raise it here. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Before this court, Liu argues only that he has a well-founded fear of future persecution, not that (1) there are "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution" or (2) "there is a reasonable possibility that he or she may suffer other serious harm upon removal to" China. 8 C.F.R. §§ 1208.13(b)(1)(b)(iii)(A)–(B).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court